UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT J. KINDER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-4112-SLD-JAG |
| | ) |
| STRIVE GROUP, LLC | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff Robert Kinder brings this discrimination action against his former employer—Strive Group, LLC.  Presently before the Court is [#11] Strive Group's Motion for Judgment on the Pleadings.  Strive Group moves the Court to dismiss Kinder's lawsuit for lack of standing and under the doctrine of judicial estoppel.  Strive Group argues that Kinder lacks standing because his discrimination claim materialized before he filed for bankruptcy and therefore the asset—the discrimination claim—is the property of the bankruptcy estate, not Kinder.  Strive Group's judicial estoppel argument is premised on the assertion that Kinder failed to disclose his discrimination claim to the Bankruptcy Court.  Because the Court finds that on these facts, Kinder has standing and that Kinder—at the very least—plausibly disclosed his discrimination claim to the Bankruptcy Court, the Court DENIES [#11] Strive Group's Motion for Judgment on the Pleadings.

I. DISCUSSION

Federal Rule of Civil Procedure 12(c) states that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The Court will only grant a Rule 12(c) motion "only if it appears beyond doubt that the plaintiff cannot

1

prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Hayes*, 670 F.3d at 813. All well-pled allegations are taken as true and all reasonable inferences are drawn in favor of the non-movant. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Plaintiff must demonstrate that the claim "is plausible, rather than merely speculative." *Tomayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Strive Group's motion relies heavily on the assertion that Kinder failed to disclose his then-pending Equal Employment Opportunity Commission ("EEOC") claim against Strive Group during his bankruptcy. Kinder attacks this assertion as false. Before moving to Strive Group's legal arguments, the Court will first address this factual dispute.

For its part, Strive Group points to Kinder's response of "none" on his Petition for Bankruptcy where he was prompted to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."[1] (Petition for Bankruptcy at 10, ECF No. 12-1.) Strive Group argues that Kinder's response of "none" necessitates a finding that Kinder failed to disclose his pending EEOC claim. But while Kinder failed to accurately account for his pending EEOC claim in response to that question—compare Complaint at 10, ECF No. 1, with Petition for Bankruptcy at 13—that is not the end of the story. Later in the same Petition for Bankruptcy—on his schedule of personal

---

[1] The Court takes judicial notice of Kinder's Petition for Bankruptcy. *See* Fed. R. Evid. 201(c)(2).

2

property—Kinder disclosed a "Possible DOL – Discrimination Suit," valued at "Unknown."[2] (Petition for Bankruptcy at 18.)

Regarding Kinder's disclosure in his schedule of personal property, *Thomas v. Guardsmark, Inc.* is instructive. No. 02-cv-8848, 2005 U.S. Dist. LEXIS 14170 (N.D. Ill. 2005). In strikingly similar facts, the debtor in *Thomas* listed a "lawsuit for wrongful termination" valued at "unknown" in his bankruptcy petition. *Id.* at *5-6. Guardsmark, like Strive Group, acknowledged the disclosure but complained that the debtor failed to provide identifying information, such as the case number. *Id.* And Guardsmark, like Strive Group, offered no authority to suggest that disclosure of such detailed information is required. *Id.* The Court in *Thomas* thus found that the debtor scheduled the pending lawsuit. *Id.* at *10.

Strive Group offers no compelling reason to ignore Kinder's written disclosure and instead asks this Court to narrowly focus on one incorrectly answered question in Kinder's Bankruptcy Petition. Accordingly, based on the current record, the Court cannot say that Kinder failed to disclose his EEOC claim to the Bankruptcy Court or to the Trustee, especially because all reasonable inferences must be drawn in favor of Kinder at this stage in the litigation.

Turning to Strive Group's legal arguments, the Court can quickly dispose of the judicial estoppel argument. Strive Group's argument that Kinder took an inconsistent position in front of the Bankruptcy Court (that he does not have an asset in any potential recovery from Strive Group), which bars Kinder from now recovering on the supposedly non-existent asset, see

---

[2] Kinder also attached to his response a letter from the Trustee dated December 14, 2010, indicating that "[a]t the Meeting of Creditors, the debtor indicated that he had a discrimination suit that was being investigated by an attorney for the Department of Labor." (Plaintiff's Response to Motion for Judgment on the Pleadings at 10, ECF No. 14.) The letter, however, is a "matter outside the pleading," and the Court declines to convert Strive Group's motion for judgment on the pleadings into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). As such, the letter will not be considered at this time.

*Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006), must fail because Strive Group has not established the factual premise of its argument—that Kinder failed to disclose his EEOC claim during bankruptcy.[3]

That leaves the Court with Strive Group's assertion that Kinder lacks standing. First, Strive Group argues that as a result of Kinder's failure to disclose his EEOC claim, the asset belongs to the bankruptcy estate, not Kinder. *See Parker v. Wendy's Intern., Inc.*, 365 F. 3d 1268, 1272 (11th Cir. 2004). Like Strive Group's judicial estoppel argument, this argument also fails because it relies on the same faulty factual premise. Second, Strive Group argues that because the facts allegedly supporting Kinder's claim materialized before Kinder filed for bankruptcy, the claim belongs to the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). Implicit in Strive Group's argument is an assertion that the trustee has never abandoned the claim. *See* 11 U.S.C. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."). If the trustee abandoned the claim, then it reverted back to Kinder. *See* 11 U.S.C. § 554(c); *Biesek v. Soo Line Railroad Co.*, 440 F.3d 410, 413 (7th Cir. 2006) ("[I]f the Trustee had abandoned this claim then [plaintiff] could have prosecuted the suit in his own name").

Under 11 U.S.C. § 554, a trustee may abandon estate property affirmatively, if ordered to do so by the bankruptcy court, or if the scheduled property is not administered at the time the bankruptcy case is closed. As discussed above, Kinder scheduled the claim. And it is undisputed that the claim was not administered when Kinder's bankruptcy case was closed.

---

[3] This is not to say that judicial estoppel is only appropriate where a legal claim is completely omitted. *See, e.g., Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1296 (11th Cir. 2003); *Thomas v. Guardsmark, Inc.*, No. 02-cv-8848, 2005 U.S. Dist. LEXIS 14170, at *6-10 (N.D. Ill. 2005). In this case, however, Kinder's alleged failure to disclose his EEOC claim is the only basis Strive Group offers for judicial estoppel. Since that is the only issue before the Court, that is all that is decided at this time.

Thus, based on the present record, the claim was abandoned to Kinder when his bankruptcy case closed.  *See* 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521 (a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."). Though Strive Group is correct that the trustee was the only person with standing to pursue the claim once Kinder filed for bankruptcy, see *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999), Strive Group has not developed any argument explaining why the trustee remains the only person with standing after the case closed.  On these facts, standing to pursue this claim reverted back to Kinder after the bankruptcy case closed.

## II.  CONCLUSION

Based on the current record, Kinder—at the very least—plausibly disclosed his discrimination claim to the Bankruptcy Court and after his bankruptcy closed, standing to purse his discrimination claim reverted back to him.  The Court therefore DENIES [#11] Strive Group's Motion for Judgment on the Pleadings.

Entered this 28th day of February, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
